# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Ross W. Senske,<br><br>Plaintiff,<br><br>v.<br><br>Pinnacle Credit Services, LLC,<br>Oxford Law, LLC,<br>Seiler & Associates, PLLC, and<br>Kyle D. Moen,<br><br>Defendants. | **COMPLAINT AND DEMAND FOR A JURY TRIAL** |

## INTRODUCTION

1. This is an action for damages brought by Ross W. Senske against Pinnacle Credit Services, LLC, Oxford Law, LLC, Sieler & Associates, PLLC, and Kyle D. Moen for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337.

3. Venue in this District is proper because the relevant acts and transactions occurred here and the Defendants transact business here.

## PARTIES

4. Plaintiff, Ross W. Senske, is a natural person who resides in Baton Rouge, Louisiana. He is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. §§ 1692a(3) and 1692k.

5. Defendant, Pinnacle Credit Services, LLC, ("PCS") is a Minnesota limited liability company engaged in the business of purchasing and collecting delinquent and charged-off consumer debt. Defendant PCS's principal place of business is located at 7900 Highway 7, Saint Louis Park, Minnesota. Defendant Pinnacle is a "debt collector" as that term is defined under 15 U.S.C. 1692(a)(6).

6. Defendant, Oxford Law, LLC, is a Minnesota limited liability company engaged in the business of collecting consumer debts. Defendant Oxford's principal place of business is located at 7900 Highway 7, Suite #350, Saint Louis Park, Minnesota. Defendant Pinnacle is a "debt collector" as that term is defined under 15 U.S.C. 1692(a)(6).

7. Defendant, Seiler & Associates, PLLC, ("Seiler") is a Minnesota professional limited liability company engaged in the business of collecting consumer debts. Defendant Seiler's principal place of business is located at 7900 Highway 7, Suite #350, Saint Louis Park, Minnesota. Defendant Seiler is a "debt collector" as that term is defined under 15 U.S.C. 1692(a)(6).

8. Defendant, Kyle D. Moen, is a natural person employed by Defendants Oxford and Seiler as an associate attorney. Defendant Moen is an attorney licensed to practice law in Minnesota. Defendant Moen is a "debt collector" as that term is defined under 15 U.S.C. 1692(a)(6).

## FACTUAL ALLEGATIONS

9. On or around September 14, 2001, Plaintiff allegedly opened a credit card account with Chase Manhattan Bank USA, N.A. ("Chase Bank"). At the time the account was opened Plaintiff was residing in Texas. If a contract or agreement was signed opening the credit card account, it was signed in Texas.

10. The credit card account was used for personal, family or household purposes and, therefore, is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. On or around February 2006, Plaintiff allegedly defaulted on his payment obligations on the credit card account. After failing to receive payments for several months, Chase Bank charged off the account and sold it to a debt buyer (the "Debt").

12. Upon information and belief, on or before June 30, 2010, Defendant PCS purchased the Debt from Chase or one of its successors in interest.

13. Upon information and belief, on or before May 1, 2011, Defendant PCS retained Defendants Oxford and Seiler to collect the Debt from Plaintiff.

14. On or around May 6, 2011, Defendants Oxford and Sieler's employee, Kyle D. Moen, drafted and signed a legal complaint demanding payment of the Debt (the "Complaint"). See attached, Exhibit A.

15. The Complaint stated that Plaintiff was a resident of the State of Minnesota and residing at 318 Lilium Circle, Watertown, Minnesota.

16. This statement regarding Plaintiff's residency was false. On the date the Complaint was signed, Plaintiff was residing in Indiana. Plaintiff had not resided in Minnesota since he was a child, over 40 years prior.

17. The Complaint contained several exhibits, including an "Exemplar to Exhibit A" which appeared to be the original account information for the Debt. The contact information included an address for San Angelo, Texas. In addition, a copy of a billing statement was included in the exhibits, which shows a home address for Plaintiff in Camas, Washington.

18. Defendants had ample information available to recognize and determine that Plaintiff did not reside in the state of Minnesota at the time the contract creating the Debt was made or at the time the Defendants served the Complaint on Plaintiff's mother.

19. On or around May 11, 2011, Defendants served the Complaint on Plaintiff's mother, Myrtis Senske, at her home address located at 318 Lilium Circle, Watertown, 55388. See attached, Exhibit A.

20. Plaintiff was not a resident of the state of Minnesota and did not reside at the Watertown address.

21. On May 23, 2012, Defendants filed the Complaint in Carver County District Court. The filing included a request that the Court Administrator enter a Default Judgment against Plaintiff because he had not responded to the Complaint, which was never served upon him.

22. In the 'Affidavit In Support of Default Judgment,' Defendant Moen made the following sworn statements:

> "…
>
> 2. That on 5/11/2011, Defendant was personally served with a copy of the Plaintiff's Summons and Complaint.

…

7. That upon information and belief, the current residence and post office address of the defendant is 318 LILIUM CIR, WATERTOWN, MN.

See attached, Exhibit A.

23. Defendant Moen's statements were false. Plaintiff was never personally served with a copy of the Summons and Complaint and Plaintiff did not reside at 318 Lilium Circle, Watertown, Minnesota.

24. As a result of Defendants filing their legal action against Plaintiff in a judicial district where Plaintiff did not reside, nor where Plaintiff allegedly signed the contract creating the Debt, Plaintiff was unable to respond to the Complaint and a default judgment was entered against him in the amount of $21,787.69.

25. Defendants showed deliberate disregard for Plaintiff's right to due process when they filed the Complaint in Minnesota without performing the minimal amount of investigation necessary to determine that the Plaintiff was a resident of a foreign jurisdiction.

26. As a result of Defendants' actions, Plaintiff has suffered actual damages in the form of damage to his credit rating and emotional distress.

***Respondeat Superior***

27. The acts and omissions of Defendant Moen, and the other debt collectors employed as agents by Defendants Oxford and Seiler, were committed within the time and space limits of their agency relationship with their principal, Defendants Oxford and Seiler.

28. The acts and omissions of debt collectors employed by Oxford and Seiler, were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants Oxford and Sieler in collecting consumer debts.

29. By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principals, Defendants Oxford and Seiler.

30. Defendants Oxford and Seiler are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota tort law, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
### 15 U.S.C. § 1692

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Defendants violated the FDCPA, 15 U.S.C. § 1692, in their attempt to collect the alleged Account from Plaintiff. Defendant's violations include, but are not limited to, the violations described in Paragraphs 33 - 37 of this Complaint.

33. Defendants violated 15 U.S.C. §§ 1692i by brining a legal action against Plaintiff to collect the Debt in a judicial district (Carver County) where Plaintiff was not a resident, nor where Plaintiff singed the contract creating the Debt.

34.     Defendants violated 15 U.S.C. §§ 1692e by using false, deceptive and misleading representations and means in connection with the collection of the alleged Debt.

35.     Defendants violated 15 U.S.C. §§ 1692e(2) by falsely representing the character and amount of the Debt allegedly owed by Plaintiff.

36.     Defendants violated 15 U.S.C. §§ 1692f by using unfair and unconscionable means to collect the alleged Debt.

37.     Defendants violated 15 U.S.C. §§ 1692f(1) by attempting to collect an amount from Plaintiff, which was not expressly authorized by the agreement creating the Debt or permitted by law.

## PRAYER FOR RELIEF

**THEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

### COUNT I.
### Violations of the Fair Debt Collection Practices Act

1.     For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.     For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3.     For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

Respectfully Submitted,

**HEANEY LAW FIRM, LLC**

Date: **May 22, 2013**

Mark L. Heaney
Attorney I.D. #0333219
13911 Ridgedale Drive, Suite 110
Minnetonka, Minnesota 55305-1773
Telephone: (952) 933-9655
Facsimile:  (952) 487-0189
Email: mark@heaneylaw.com
***Attorney for Plaintiff***



FILED
MAY 23 2012 RH
CARVER COUNTY COURTS

STATE OF MINNESOTA
COUNTY OF CARVER

DISTRICT COURT
FIRST JUDICIAL DISTRICT
Case Type: Contract

Court File Number: CV-12-708

Pinnacle Credit Services, LLC,
a Minnesota limited liability company,
successor in interest to CHASE MANHATTAN BANK USA NA,

Plaintiffs,

vs.

**REQUEST TO ADMINISTRATOR FOR DEFAULT JUDGMENT**

ROSS SENSKE,
an individual,

Defendant.

---

TO: THE ADMINISTRATOR OF THE ABOVE-NAMED COURT:

Please enter default judgment against above-named Defendant, in the sum of $21,787.69, together with interest at the maximum allowable rate and costs, on the basis of the attached affidavit.

Dated: April 9, 2012

OXFORD LAW, LLC

Kyle D. Moen #390945
Attorney for Plaintiff
7900 Highway 7
Minneapolis, Minnesota 55426
Telephone: 952-358-7400
Facsimile: 952-358-7404



STATE OF MINNESOTA
COUNTY OF CARVER

DISTRICT COURT
FIRST JUDICIAL DISTRICT
Case Type: Contract

Court File Number: CV-12-708

Pinnacle Credit Services, LLC,
a Minnesota limited liability company,
Successor in interest to CHASE MANHATTAN BANK USA NA,

Plaintiff,

vs.

**AFFIDAVIT IN SUPPORT OF DEFAULT JUDGMENT**

ROSS SENSKE,
an individaul,

Defendant.

---

STATE OF MINNESOTA )
) ss:
COUNTY OF HENNEPIN )

Kyle D. Moen, being duly sworn, deposes and says:

1. That I am the one of the attorneys of record for the above-named Plaintiff's, and have personal knowledge of the facts set forth in this affidavit.

2. That on 5/11/2011, Defendant was personally served with a copy of the Plaintiff's Summons and Complaint.

3. That more than twenty (20) days have elapsed since the date on which the Defendant was served with Summons and Complaint, excluding the date of service.

4. That Defendant has failed to answer or defend as to Plaintiff's Complaint, or serve a copy of any Answer or other defense upon the attorneys of record for the Plaintiff.

5. That Plaintiff's claim against Defendant is upon a contract for the payment of money.

6. That the full name of the Defendant is ROSS SENSKE.

7. That upon information and belief, the current residence and post office address of the Defendant is 318 LILIUM CIR, WATERTOWN, MN.

8. That after a diligent search, the Plaintiff is unable to verify Defendant's employment status.

9. That as of the date hereof, Defendant owes $21,787.69, exclusive of interest and costs, which does not exceed the amount demanded in Plaintiff's Complaint.

10. That to date, Plaintiff has incurred costs in the amount of $390.00, related to location search, process service and filing fees in this matter.

11. That to date, Defendant has paid no money to Plaintiff relative to the claims stated in Plaintiff's Complaint.

12. That, therefore, Plaintiff seek entry of judgment against Defendant in the total amount of $22,177.69.

13. That, to the best of my knowledge and belief, Defendant is not now, nor was Defendant at the time of service of the Summons and Complaint, in the military service of the United States.

13. That this affidavit is executed by affiant in accordance with Minn. R. Civ. P. 55.01 for the purpose of enabling the Plaintiff to obtain an entry of default by the Court Administrator against the Defendant for his failure to answer or defend as to the Plaintiff's Complaint.

FURTHER AFFIANT SAYETH NOT.

Dated: April 9, 2012

Kyle D. Moen

Subscribed and sworn to before me this 9th day of April, 2012.

Notary Public or Other Official

CAITLIN CHRISTINA MAXHIMER
Notary Public
Minnesota
My Comm. Expires
Jan 31, 2015

The above bill at costs and disbursements
Taxed and allowed at $ 390—
Dated 5/23, 2012
Deputy

**STATE OF MINNESOTA**
**COUNTY OF CARVER**

**DISTRICT COURT**
**FIRST JUDICIAL DISTRICT**
**CASE TYPE: Contract**
Court File No. CV-12-708

FILED
MAY 23 2012 (RH)
CARVER COUNTY COURTS

Pinnacle Credit Services, LLC, successor in interest to CHASE MANHATTAN BANK USA NA,

Plaintiff,

vs.

ROSS SENSKE,

Defendant.

**SUMMONS**

THIS SUMMONS IS DIRECTED TO ROSS SENSKE:

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

Seiler & Associates, PLLC
7900 Highway 7, Suite 350
Minneapolis, Minnesota 55426

3. **YOU MUST RESPOND TO EACH CLAIM**. The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS**. If you do not answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

**SEILER & ASSOCIATES, PLLC**

Dated: May 6, 2011

Kyle D. Moen, MN# 390945
7900 Highway 7, Suite 350
Minneapolis, Minnesota 55426
Telephone: 952-358-7400
Facsimile: 952-358-7404
e-mail: kmoen@seilerlaw.com

**ATTORNEY FOR PLAINTIFF**

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.
THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

STATE OF MINNESOTA
COUNTY OF CARVER

DISTRICT COURT
FIRST JUDICIAL DISTRICT
CASE TYPE: Contract

Court File No. CV-12-708

FILED
MAY 23 2012 RH
CARVER COUNTY COURTS

Pinnacle Credit Services, LLC, successor in interest to CHASE MANHATTAN BANK USA NA,

Plaintiff,

vs.

ROSS SENSKE,

Defendant.

**COMPLAINT**

Plaintiff, for its cause of action against Defendant, states and alleges as follows:

1. Plaintiff is a Minnesota limited liability company, existing under the laws of the State of Minnesota.

2. Defendant is an adult resident of the State of Minnesota residing at 318 LILIUM CIR, WATERTOWN, 55388, county of CARVER.

COUNT I: BREACH OF CONTRACT

3. On or about 9/14/2001, CHASE MANHATTAN BANK USA NA ("Originator") opened a revolving line of credit, pursuant to a credit card numbered [redacted]0154 ("Account"), in the name of Defendant at Defendant's request.

4. From time to time Defendant made charges on the Account and Originator provided the extension of credit as requested.

5. On or about 2/5/2010, Plaintiff became the assignee of all right, title and interest in, and owner of, the Account, including all amounts Defendant owes Plaintiff as described herein.

6. Defendant last made payment on the Account on or about 1/2/2006.

7. As of the date hereof, a principal balance of $21,787.69, remains unpaid and owed by Defendant.

8. Plaintiff has made demand upon Defendant for the balance due.

9. Defendant has refused or otherwise failed to pay.

10. Defendant's failure to pay constitutes breach of contract.

COUNT II: UNJUST ENRICHMENT

11. Plaintiff reasserts, realleges and incorporates paragraphs 1-10 of this Complaint.

12. Defendant received the benefits of funds advanced by Plaintiff's predecessor(s) in interest to the Account in the amount of $21,787.69.

13. Defendant has been unjustly enriched in the amount of $21,787.69.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

14. On Count I, the principal amount of $21,787.69, together with interest at the highest legal rate, and Plaintiff's reasonable attorney's fees, costs and disbursements herein.

15. In the alternative, on Count II, equitable relief in the principal amount of $21,787.69 together with interest at the highest legal rate, Plaintiff's reasonable attorney's fees, costs and disbursements herein.

16. For such other and further relief as the Court shall deem just and equitable.

Dated: May 6, 2011

SEILER & ASSOCIATES, PLLC

Kyle D. Moen (MN Id. No. 390945)
Attorneys for Plaintiff
7900 Highway 7, Suite 350
Minneapolis, Minnesota 55426
Telephone: 952-358-7400
Facsimile: 952-358-7404

**ACKNOWLEDGMENT**

Pursuant to Minn. Stat. §549.211, the undersigned acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party or parties.

Dated: May 6, 2011

Kyle D. Moen

FILED
MAY 23 2012 RH
CARVER COUNTY COURTS

**Affidavit of Robert M. Schofield**

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

The Affiant, being duly sworn, deposes and states as follows:

1. The Affiant's full name is Robert M. Schofield.

2. The Affiant is employed by Pinnacle Credit Services, LLC ("PCS") and is authorized by PCS to execute this Affidavit.

3. The Affiant bases the statements in this Affidavit on personal knowledge regarding PCS's purchase, sales, and collection operations, and all statements herein are to the best of the Affiant's present knowledge.

4. PCS is the assignee of that certain account originated by CHASE MANHATTAN BANK USA NA ("Originator"), and identified as PCS data id number HK2835, Originator Account Number [redacted]0154, with a principal balance due and owing in the amount of $21,787.69, the same being true and correct, valid and owing as of the date of the Complaint ("Account"). Attached hereto as an **Exhibit A** is chain of title evidencing PCS's ownership of the Account.

5. Attached hereto as **Exhibit B** is a true and correct copy of a monthly statement that, upon information and belief, was sent from Originator to Defendant. Exhibit B is maintained in the ordinary course of PCS's business.

6. Said Account has been forwarded to Oxford Law, LLC, formerly known as Seiler & Associates, who has been granted full power and authority to do and perform all acts necessary for the collection, settlement, adjustment, compromise or satisfaction of said claim. Further, the Affiant states, to the best of Affiant's knowledge, information and belief, all payments have been credited, and all appropriate adjustments and offsets have been made, to the Account.

FURTHER AFFIANT SAITH NOT.

Robert M. Schofield

Subscribed and sworn to before me
this 4th day of April, 2012.

NOTARY PUBLIC

LINDA K TICEN
NOTARY PUBLIC - MINNESOTA
My Comm. Expires Jan. 31, 2015



## BILL OF SALE

Chase Bank USA, N.A. ("Seller"), for value received and pursuant to the terms and conditions of Credit Card Account Purchase Agreement dated April 1, 2007 between Seller and Unifund Portfolio A, LLC ("Purchaser"), its successors and assigns ("Credit Card Account Purchase Agreement"), hereby assigns effective as of the File Creation Date of August 15, 2007 all rights, title and interest of Seller in and to those certain receivables, judgments or evidences of debt described in **Exhibit 1** attached hereto and made part hereof for all purposes.

Amounts due to Seller by Purchaser in hereunder shall be paid U.S. Dollars by a wire transfer to be received by Seller on August 21, 2007 (the "Closing Date") by 2:00 p.m. Seller's time, as follows:

**Chase Bank USA, N.A**
**ABA #021000021**
**Beneficiary Name: Chase Bank USA, N.A.**
**Beneficiary Account: #304-256420**

This Bill of Sale is executed without recourse except as stated in the Credit Card Account Purchase Agreement to which this is an Exhibit. No other representation of or warranty of title or enforceability is expressed or implied.

| **Chase Bank USA, N.A.** | | **Unifund Portfolio A, LLC** | |
|---|---|---|---|
| By: | [signature] | By: | [signature] |
| Date: | August 16, 2007 | Date: | August 16, 2007 |
| Title | Team Lead | Title | Director, Acquisitions |

Ex A



# Unifund CCR Partners

## BILL OF SALE

Unifund CCR Partners, for value received and in accordance with the terms of the Accounts Receivable Purchase Agreement by and among Unifund CCR Partners and Fourscore Resource Capital, LLC ("Purchaser"), dated as of February 5, 2010 (the "Agreement"), does hereby sell, assign, and transfer to Purchaser all of its good and marketable title, free and clean of all liens, claims and encumbrances in and to the Accounts listed in the Account Schedule attached as Appendix A to the Agreement, without recourse and without representation or warranty of collectibility, or otherwise, except to the extent stated in the Agreement.

Executed on February 5, 2010.

UNIFUND CCR PARTNERS

By: ______________________
Joel Rosenthal
Director, Sales and Marketing

For Unifund Use ONLY
CONFIDENTIAL

| Client # | PID | CID # |
|---|---|---|
| | | |
| | | |
| | | |

ASSIGNMENT

FOURSCORE RESOURCE CAPITAL, LLC
TO
PINNACLE CREDIT SERVICES, LLC

FOURSCORE RESOURCE CAPITAL, LLC, a Minnesota limited liability company ("Fourscore"), for good, valuable and sufficient consideration, hereby assigns and transfers to PINNACLE CREDIT SERVICES, LLC, a Minnesota limited liability company ("Pinnacle") all of Fourscore's right, title and interest in and to each and every one of the Accounts identified on the attached **Exhibit A**.

IN WITNESS WHEREOF, Seller has signed and delivered this instrument on the 30th day of June, 2010.

FOURSCORE RESOURCE CAPITAL, LLC

By:____________________________
Robert Schofield
Chief Operating Officer

*Exemplar* to Exhibit A

| pri_acctno | currentbal | acctopen | lastpayment | originator | pri_last | pri_first | i_midd | pri_add1 | pri_city | pri_state | pri_zip | pri_ssn |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| [redacted]0154 | $ 21,787.69 | 9/14/2001 | 1/2/2006 | CHASE MANHATTAN BANK USA NA | SENSKE | ROSS | W | 1706 SHADY POIN | SAN ANGEI | TX | 76904-7763 | [redacted] |

Statement for account number: [redacted]0154

Oct 02 2007

| New Balance | Payment Due Date | Past Due Amount | Minimum Payment |
|---|---|---|---|
| $21,787.69 | 12/07/05 | $2,609.00 | $6,640.69 |

CHASE

Amount Enclosed $

Make your check payable to Chase Card Services. New address or e-mail? Print on back.

[redacted]01540066406902178769000002

65894 BEX Z 31603 D
ROSS W SENSKE
2950 NW JULIA ST
CAMAS WA 98607-7544

CARDMEMBER SERVICE
P.O. BOX 9001074
LOUISVILLE, KY 40290-1074

⑆500016028⑆ 4[redacted]01548⑈

CHASE

Statement Date: 10/13/05 - 11/12/05
Payment Due Date: 12/07/05
Minimum Payment Due: $6,640.69

**CUSTOMER SERVICE**
In U.S. 1-800-945-2000
Español 1-888-446-3308
TDD 1-800-955-8060
Outside U.S. call collect 1-302-594-8200

## MASTERCARD ACCOUNT SUMMARY Account Number: [redacted]0154

| | | | |
|---|---|---|---|
| Previous Balance | $21,133.82 | Total Credit Line | $18,300 |
| Payment, Credits | -$1,060.00 | Available Credit | $0 |
| Purchases, Cash, Debits | +$1,204.00 | Cash Access Line | $10,980 |
| Finance Charges | +$509.87 | Available for Cash | $0 |
| New Balance | $21,787.69 | | |

**ACCOUNT INQUIRIES**
P.O. Box 15298
Wilmington, DE 19850-5298

**PAYMENT ADDRESS**
P.O. Box 9001074
Louisville, KY 40290-1074

**VISIT US AT:**
www.chase.com/creditcards

## TRANSACTIONS

| Trans Date | Reference Number | Merchant Name or Transaction Description | | Amount Credit | Amount Debit |
|---|---|---|---|---|---|
| 10/21 | 12942940822944435800006 | PAYMENT - THANK YOU | | $530.00 | |
| 10/21 | 74266852993424000258326 | Returned Payment | DE | | 530.00 |
| 10/26 | 74266852993424000258326 | RETURNED PAYMENT FEE | | | 35.00 |
| 11/04 | 13083080823106978100001 | PAYMENT - THANK YOU | | 530.00 | |
| 10/13 | | OVERLIMIT FEE | | | 35.00 |
| 11/07 | | LATE FEE | | | 39.00 |
| 11/04 | 74266853133424000023182 | Returned Payment | DE | | 530.00 |
| 11/09 | 74266853133424000023182 | RETURNED PAYMENT FEE | | | 35.00 |

## FINANCE CHARGES

| Category | Daily Periodic Rate 31 days in cycle | Corresponding APR | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee | FINANCE CHARGES |
|---|---|---|---|---|---|---|
| Purchases | V .07669% | 27.99% | $17,444.35 | $414.72 | $0.00 | $414.72 |
| Cash advances | V .07669% | 27.99% | $4,002.31 | $95.15 | $0.00 | $95.15 |
| Total finance charges | | | | | | $509.87 |

Effective Annual Percentage Rate (APR): 27.99%

Please see reverse side for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees such as cash advance and balance transfer fees - expressed as a percentage.

ExB

This Statement is a Facsimile - Not an original

X 0000001 FIS33335 D 6 000 N Z 12 05/11/12 Page 1 of 1 05686 MA MA 65594 31510000060006589401

Oct 02 2007

Address Change Request

Please provide information below only if the address information on front is incorrect.

Street Address: ______________________________

City: ______________________

State: ___

Zip: _____ ____

Home Phone: ___ ___ ____

Work Phone: ___ ___ ____

E-mail Address: ______________________________

**Information About Your Account**

**Lost or Stolen Cards:** Please report your lost or stolen card immediately by calling the Customer Service number found on the front of your statement. Advisors are always available to assist you. You can reach an Advisor by pressing 0 after you enter your account number.

**Crediting of Payments:** For payments by regular U.S. mail send at least your minimum payment due to our post office box designated for payments shown on this statement. Your payments by mail must comply with the instructions on this statement, and must be made by check or money order, payable in U.S. Dollars, and drawn on or payable through a U.S. financial institution or the U.S. branch of a foreign financial institution. Do not send cash. Write your account number on your check or money order. Payments must be accompanied by the payment coupon in the envelope provided with our address visible through the envelope window; the envelope cannot contain more than one payment or coupon; and there can be no staples, paper clips, tape or correspondence included with your payment. If your payment is in accordance with our payment instructions and is made available to us on any day except December 25 by 1:00 p.m. local time at our post office box designated for payments on this statement, we will credit the payment to your account as of that day. If your payment is in accordance with our payment instructions, but is made available to us after 1:00 p.m. local time at our post office box designated for payments on this statement, we will credit it to your account as of the next day. If you do not follow our payment instructions or if your payment is not sent by regular U.S. mail to our post office box designated for payments, crediting of your payment may be delayed for up to 5 days. Payments made electronically through our automated telephone service, Customer Service advisors, or our web site will be subject to any processing times disclosed for those payments.

**Account Information Reported to Credit Bureaus:** We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report. If you think we have reported inaccurate information to a credit bureau, you may write to us at the Cardmember Service address listed on your billing statement.

**Checks Collected Electronically:** We reserve the right to electronically collect your eligible payment checks, at first presentment and any representment, from the bank account on which the check was drawn. Our receipt of your payment check is your authorization for us to collect the amount of the check electronically or if needed by a draft drawn against the bank account. Checks will be collected electronically by sending the check amount along with the check, routing and account numbers to your bank. Your bank account may be debited as early as the same day we receive your payment. The original check will be destroyed and an image will be maintained in our records.

**Conditional Payments:** Any payment check or other form of payment that you send us for less than the full balance due that is marked "paid in full" or contains a similar notation, or that you otherwise tender in full satisfaction of a disputed amount, must be sent to Card Services, P.O. Box 15049, Wilmington, DE 19850-5049. We reserve all our rights regarding these payments (e.g., if it is determined there is no valid dispute or if any such check is received at any other address, we may accept the check and you will still owe any remaining balance). We may refuse to accept any such payment by returning it to you, not cashing it or destroying it. All other payments that you make should be sent to the appropriate payment address.

**Annual Renewal Notice:** If your account has an annual fee, it will be billed each year or in monthly installments, whether or not you use your account, and you agree to pay it when billed. The annual fee is non-refundable unless you notify us that you wish to close your account within 30 days of the date we mail your statement on which the annual fee is charged and at the same time, you pay your outstanding balance in full. Your payment of the annual fee does not affect our rights to close your account and to limit your right to make transactions on your account. If your account is closed by you or us, we will continue to charge the annual fee until you pay your outstanding balance in full and terminate your account relationship.

**Explanation of Finance Charges:** We calculate periodic finance charges, using the applicable periodic rates shown on this statement, separately for each feature (e.g., balance transfer/convenience checks and cash advance checks ("check transaction"), purchases, balance transfers, cash advances, promotional balances or overdraft advances). These calculations may combine different categories with the same daily periodic rates. If there is a "V" next to a periodic rate on this statement, that rate may vary, and the index and margin used to determine that rate and its corresponding APR are described in your Cardmember Agreement, as amended. There is a minimum finance charge in any billing cycle in which you owe any periodic finance charges, and a transaction finance charge for each balance transfer, cash advance, or check transaction, in the amounts stated in your Cardmember Agreement, as amended.

To get the daily balance for each day of the current billing cycle, we take the beginning balance for each feature, add any new transactions or other debits (including fees, unpaid finance charges and other charges), subtract any payments or credits, and make other adjustments. Transactions are added as of the transaction date, the beginning of the billing cycle in which they are posted to your account, or a later date of our choice (except that check transactions are added as of the date deposited by the payee or a later date of our choice). Fees are added either on the date of a related transaction, the date they are posted to your account, or the last day of the billing cycle. This gives us that day's daily balance. A credit balance is treated as a balance of zero. If a daily periodic rate applies to any feature, we multiply the daily balance by the daily periodic rate to get your periodic finance charges for that day. We then add these periodic finance charges to your daily balance to get the beginning balance for the next day. (If more than one daily periodic rate could apply based on the average daily balance, we will use the daily periodic rate that applies for the average daily balance amount at the end of the billing cycle to calculate the daily periodic finance charge each day.) If this statement shows a previous cycle average daily balance for purchases, we do the same thing for each day of the previous cycle to get the daily balance of purchases for the previous billing cycle. However, the daily balance for previous billing cycle purchases is considered to be zero for each day of the previous billing cycle if a periodic finance charge was already billed on purchases itemized on your previous statement or we received payment of your New Balance on your previous statement in full by the date and time your payment was due.

To get your total periodic finance charge for a billing cycle when a daily periodic rate(s) applies, we add all of the daily periodic finance charges for all features. To determine an average daily balance, we add your daily balances and divide by the number of the days in the applicable billing cycle(s). If you multiply the average daily balance for each feature by the applicable daily periodic rate, and then multiply each of these results by the number of days in the applicable billing cycle(s), and then add all of the results together, the total will also equal the periodic finance charges for the billing cycle, except for minor variations due to rounding. To get your total periodic finance charge for a billing cycle when a monthly periodic rate(s) applies, multiply the average daily balance for each feature by the applicable monthly periodic rate and add the results together. The total will equal the periodic finance charges for the billing cycle, except for minor variations due to rounding.

**Grace Period (at least 20 days):** We accrue periodic finance charges on a transaction, fee, or finance charge from the date it is added to your daily balance until payment in full is received on your account. However, we do not charge periodic finance charges on new purchases billed during a billing cycle if we receive both payment of your New Balance on your current statement by the date and time your payment is due and also payment of your New Balance on your previous statement by the date and time your payment was due. There is no grace period for balance transfers, cash advances, check transactions, or overdraft advances.

**Grace Period for Qualifying Promotional Balances:** You will not incur periodic finance charges on a qualifying promotional balance if you pay that balance in full by the specified expiration date. To avoid finance charges on new purchases when your New Balance includes a qualified promotional balance, pay your full New Balance minus your total qualifying promotional balances by the date and time your payment is due. However, if your statement shows that a minimum payment is due, we must receive at least that minimum payment by the date and time specified on your statement, even if your only balance consists of qualifying promotional balances.

**BILLING RIGHTS SUMMARY**

**In Case of Errors or Questions About Your Bill:** If you think your bill is wrong, or if you need more information about a transaction on your bill, write Cardmember Service on a separate sheet at P.O. Box 15299 Wilmington, DE 19850-5299 as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information.

- Your name and account number
- The dollar amount of the suspected error
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take action to collect the amount you question. If you have authorized us to pay your credit card bill automatically from your savings or checking account, you can stop the payment on any amount you think is wrong. To stop the payment, your letter or call (using the Cardmember Service address or telephone number shown on this statement) must reach us at least three business days before the automatic payment is scheduled to occur.

**Special Rule for Credit Card Purchases:** If you have a problem with the quality of goods or services that you purchased with a credit card (excluding purchases made with a check), and you have tried in good faith to correct the problem with the merchant, you may not have to pay the remaining amount due on the goods or services. You have this protection only when the purchase price was more than $50 and the purchase was made in your home state or within 100 miles of your mailing address. These limitations do not apply if we own or operate the merchant, or if we mailed you the advertisement for the property or services.

MA07 1005

FILED
MAY 2 3 2012 RH
CARVER COUNTY COURTS

Lawgistic Partners, LLC
401 N. 3rd Street, Suite 330
Minneapolis, MN 55401
612.333.0393

STATE OF MINNESOTA

COUNTY OF CARVER

DISTRICT COURT FIRST JUDICIAL DISTRICT

---

**Pinnacle Credit Services, LLC, successor in interest to Chase Manhattan Bank USA NA,**
Plaintiff(s),

vs.

**Ross Senske,**
Defendant(s),

---

**AFFIDAVIT OF SERVICE**

STATE OF MINNESOTA )
COUNTY OF HENNEPIN ) ss.

I, **Johnson, Cory**, depose and say that:

On **05/11/2011** at **7:13 PM**, I served the within **Summons and Complaint** on **Ross Senske** at **318 Lilium Cir , Watertown, MN 55388** in the manner indicated below:

By leaving a true copy of this process at the within named person's usual place of abode with any person residing therein who is of suitable age and discretion and informing the person of the contents:

NAME: **Myrtis Senske** TITLE/RELATION: **Mother**

Description: Sex: **Female** Skin: **White** Hair: **Brown** Age: **70's** Height: **5'4"**

Comments/Prev. Attempts: **Myrtis Senske signed for document as received.**

Under penalty of perjury I declare that I have read the foregoing Affidavit of Service and that the facts stated in it are true.

Subscribed and sworn to before me on

this 14 day of May, 2011.

Nicole A. Swisher
Notary Public

NICOLE A. SWISHER
Notary Public
State of Minnesota
My Commission Expires
January 31, 2014

X [signature]
**Johnson, Cory**
Affiant
Job Number: 144494
Client File: HK2835

*144494*

**STATE OF MINNESOTA**
**COUNTY OF CARVER**

**DISTRICT COURT**
**FIRST JUDICIAL DISTRICT**
**CASE TYPE: Contract**

Court File No. CV-12-708

FILED
MAY 23 2012 RH
CARVER COUNTY COURTS

Pinnacle Credit Services, LLC,
a Minnesota limited liability company,
successor in interest to CHASE MANHATTAN BANK USA NA,

Plaintiff,

vs.

ROSS SENSKE,
An individual

Defendant.

**CERTIFICATE OF REPRESENTATION AND PARTIES**

Pursuant to Rule 104 of the General Rules of Practice for District Courts, this form must be completed and filed with the Court Administrator's Office at the time the case is filed. The Court Administrator shall, upon receipt of the completed certificate, notify all parties or their lawyers of the date of filing the action and the file number assigned.

LIST ALL LAWYERS/PRO SE PARTIES INVOLVED IN THIS CASE

**LAWYER FOR PLAINTIFF(S)**

Kyle D. Moen, #390945
Oxford Law, LLC
7900 Highway 7
Minneapolis, Minnesota 55426
Phone: 952-563-6750
Facsimile: 952-358-7404
E-mail: kmoen@oxfordlawllc.com

**LAWYER FOR DEFENDANT(S)**

ROSS SENSKE
*PRO SE DEFENDANT*
318 LILIUM CIR
WATERTOWN, MN 0
Phone: Unknown
Facsimile: Unknown
E-mail: Unknown

Dated: April 9, 2012

**Kyle D. Moen**

State of Minnesota
Carver County

District Court
First District
Court File Number: **10-CV-12-708**
Case Type: Default Judgment

## Notice of Case Filing

FILE COPY

---

**Pinnacle Credit Services, LLC, successor in interest to Chase Manhattan Bank USA N.A. vs Ross Senske**

Date Case Filed: **05/23/2012**

Court file number **10-CV-12-708** has been assigned to this matter. All future correspondence must include this file number, the attorney identification number, and must otherwise conform to format requirements or they WILL BE RETURNED. Correspondence and communication on this matter should be directed to the following court address:

**Carver County Court Administration**
**604 East Fourth Street**
**Chaska Minnesota 55318**
**952-361-1420**

If ADR applies, a list of neutrals is available at www.mncourts.gov (go to Alternative Dispute Resolution) or at any court facility.

Dated: May 23, 2012

Vicky L. Carlson
Court Administrator
Carver County District Court

cc: Ross Senske
KYLE DENNIS MOEN

State of Minnesota
Carver County

District Court
First District

Court File Number: **10-CV-12-708**
Case Type: Default Judgment

# Notice of Entry and Docketing of Judgment

**FILE COPY**

---

**Pinnacle Credit Services, LLC, successor in interest to Chase Manhattan Bank USA N.A. vs Ross Senske**

You are hereby notified that a judgment has been entered and docketed in the above entitled matter.

| Judgment Information | |
|---|---|
| Entered Date | **May 23, 2012** |
| Docketed Date | May 23, 2012 |
| Docketed Time | 11:18 AM |
| Debtor(s) | **Ross Senske.** |
| Creditor(s) | **Pinnacle Credit Services, LLC** |
| | |
| Monetary Award: | |
| Monetary Amount: | $21,787.69 |
| | |
| | |
| | |
| | |

A true and correct copy of this notice has been served by mail upon the parties. Please be advised that notices sent to attorneys are sent to the lead attorney only.

Note: Costs and interest will accrue on any money judgment amounts from the date of entry until the judgment is satisfied in full.

Dated: June 5, 2012

Vicky L. Carlson
Court Administrator
Carver County District Court
604 East Fourth Street
Chaska Minnesota 55318
952-361-1420

cc: Pinnacle Credit Services, LLC; Ross Senske; KYLE DENNIS MOEN

State of Minnesota
Carver County

District Court
First District
Court File Number: **10-CV-12-708**
Case Type: Default Judgment

**Discrepancy Notice – Civil Case**

FILE COPY

**Pinnacle Credit Services, LLC, successor in interest to Chase Manhattan Bank USA N.A. vs Ross Senske**

**Return of Documents**:

- ☐ is/are being returned
- ☐ Your In Forma Pauperis papers and any related documents are being returned
- ☐ These documents are being returned pursuant to your verbal agreement or request

- ☐ Documents are not properly executed and/or notarized
- ☐ We do not accept depositions, interrogatories, etc. for filing absent court order (Rules of Civil Procedure 5.04)
- ☐ You previously filed these documents by fax. The originals are not to be filed but must be maintained by you to be made available to the court or any party upon request (Rules of Civil Procedure 5.05).
- ☐ Pleadings are not venued in this court
- ☐ Insufficient information to determine the case associated with these documents
- ☐ Proper fee has not been paid. The fee to file is $ .
- ☐ Attorney ID Number is not provided or is not in practicing status
- ☐

**We are Unable to Provide the Requested Service:**

- ☒ Judgment cannot be docketed without an Affidavit of Identification of Judgment Debtor
- ☐ You have requested attorney fees, you must submit a proposed order
- ☐ The original Note/Draft/Bill of Exchange is required (Rules of Civil Procedure 55.01(e))
- ☐ Proper fee has not been paid. The fee for this service is $ .
- ☐

**Case Management/Procedural Issues/Fees Due/Other:**

- ☐ You were directed to file by Judge at your court appearance on . You are urgently requested to submit the document(s) within 10 days of this notice.
- ☐ There has been no activity in this case since . Please advise of status or intended action within 30 days of this notice.
- ☐ You filed a document by fax on , a fax fee of $25 is due within five days of filing.
- ☐

Carver County District Court
604 East Fourth Street

Chaska Minnesota 55318

Make checks for payment of fees to Court Administrator. Please do not mail cash. Note file number on check. We will proceed to process this matter for you when any discrepancies as noted have been resolved.

Dated: May 31, 2012

Vicky L. Carlson
Court Administrator
Carver County District Court

952-361-1420